CHARLIE HINDS v. THE STATE.

No. 13574. Delivered June 25, 1930.
Reported in 29 S. W. (2d) 768.

The opinion states the case.

*Ben L. King,* and *Thos. C. Ferguson,* both of Burnet, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, Judge.—Offense, unlawfully furnishing intoxicating liquor; penalty, one year in the penitentiary.

It is charged in the second count of the indictment in substance that appellant unlawfully furnished to Rufus Beasley spiritous liquors capable of producing intoxication by then and there giving to the said Beasley such liquors. Beasley testified that appellant did hand him a bottle of liquor out of which he drank and which was thrown back of a bakery shop. Two witnesses present saw a part of the transaction but did not know the contents of such bottle. A bottle was found four hours after this transaction back of the bakery shop and over objection of appellant was offered in evidence. It had a little liquor in it and the jurors were permitted to smell it. The witness Beasley when arrested claimed to the officer that he had been drinking extracts. None of the witnesses present, including Beasley, would positively identify the bottle introduced in evidence as that from which witness drank and which formed the basis of the prosecution. The testimony shows that bottles of like kind were frequently behind this shop. An officer testified: "whiskey was in that bottle but only a little bit remained." We regard the record as in such condition as justified the jury in disbelieving Beasley with reference to having been given whiskey by appellant. The introduction of this bottle and its contents might alone have justified the jury in finding appellant guilty, though they did disbelieve Beasley's statement with reference to appellant giving him whiskey. Since this bottle was not identified and may have formed the basis of the verdict of guilty herein, we are of the opinion that its introduction was error of such character as to demand a reversal.

Interesting law questions suggest themselves regarding the validity of the indictment herein as well as the statute under which same was drawn, but since a further disposition of this case may render their decision unnecessary, we pretermit discussion of these.

Reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.