ED HARBERT v. THE STATE.

No. 13910. Delivered February 11, 1931.
Rehearing Denied May 20, 1931.

The opinion states the case.

*J. F. Taulbee,* of Georgetown, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

There are three bills of exception in the record. Bill No. 2 brings forward all of the objections and exceptions taken to the court's charge. We find nothing in any of said exceptions which presents any erroneous matter. Bill No. 3 complains of the refusal of the trial court to grant the motion for new trial, and sets out at length the entire motion. We perceive nothing in this bill of exception.

Bill of exception No. 1 complains of the reception of the testimony of the sheriff, in substance, that on the morning after appellant's arrest

he found in the rear of Bowman's market in Burnet, Texas, a gallon jug in which were a few drops of whisky. The objections set out in the bill are that if anything was found by the witness it was a long time after the arrest of the appellant, and was not in appellant's presence, and that there was nothing in the testimony to show that the condition in the rear of the market was the same as it was on the preceding day. There is nothing in the bill of exception verifying the truth of the objections thus stated, nor do we think them tenable. We are of opinion, however, that in view of the testimony in this case, and the fact that appellant was given the minimum penalty, even if said bill of exception No. 1 was in condition to be considered, the admission of the testimony therein objected to could not be held an error sufficient to call for a reversal.

The testimony is short and conclusive. A negro man named Hall testified that he came in a car with a negro woman from Lampasas to Burnet on the day in question, reaching Burnet about 3:30 in the afternoon. He said they had no whisky or liquor of any kind in the car. He further testified that soon after reaching Burnet he saw appellant on the street and invited him to get in the car and ride with them. He testified that soon after appellant got in the car he asked witness if he wanted a drink, and then repeated the question. Witness told him he did not object, and appellant said to him "Let's turn in here—I have a pint of whisky and I want to get it." Witness said he told appellant that the pint he had would be enough. Witness said they drove on over to where Elnora Green was working. Elnora Green seems to have been a colored woman. About the time they drove up to Elnora's house or shortly afterwards the sheriff, Mr. Ray, appeared on the scene. Hall said he noticed appellant fingering around with his shirt, and that he heard a bottle fall on the floor, and then he saw the sheriff pick that bottle up from between appellant's feet. The state introduced Mr. Bowmar who testified he had a meat market and that appellant worked for him some times, and that several times on the afternoon in question he saw appellant come through the back of his market, and that he appeared to be under the influence of liquor. Mr. Naugiller testified for the state that about 2:30 that afternoon he saw appellant who appeared to be under the influence of intoxicating liquor, with something under his arm. Elnora Green testified for the state that when appellant and Hall drove up in front of her place appellant asked her if she wanted a drink and she told him yes; that appellant reached down in the car and got a bottle. She said she went outside of the yard and to the car and that at the time appellant picked the bottle up it was setting against the foot of the woman in the car; that he picked it up with his left hand and handed it to her. She said that at the time appellant picked up the bottle to give her a drink of whisky he was under the influence of intoxicating liquor. Sheriff Ray testified that as he walked up to the car in question he saw appellant's

arm come up in a manner indicated by a gesture made by witness, and go down in another manner indicated. He says he took the bottle· of whisky away from appellant on that occasion. That when he took the bottle away from him he told him to consider himself under arrest. He said the bottle contained whisky. He testified that early the next morning he went over to Bowmar's market and in the back of the market he found a gallon jug containing a few drops of whisky. He testified that witness Hall was sober. Appellant did not testify, nor did he introduce any evidence. We deem the testimony of appellant's guilt ample.

No error appearing in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that bill of exception No. 1 is sufficient to present error and that the error is such as calls for a reversal. The bill recites as a fact that the sheriff was permitted to testify that on the morning after appellant's arrest the witness found a jug in the rear room of Bowmar's market which jug had in it a few drops of whisky. One objection urged to this evidence was that the jug was found "long after appellant's arrest." This objection is supported by the certificate of fact in the bill, but because the jug was not found until after appellant's arrest would not make evidence of the finding inadmissible, if the jug had been otherwise properly connected with appellant. The other objections urged against the evidence were: (a) that appellant was not present when the jug was found, and (b) that the conditions in the rear of the market were not shown to have been the same as on the day preceding. Appellant not being present when the jug was found would not render proof of its· finding objectionable if otherwise admissible. No facts are recited in the bill verifying the truth of the two objections last mentioned. It would be impossible to know whether they had foundation without going to the statement of facts to verify the matter. This we are not required to do. We are referred to Hinds v. State, 29 S. W. (2d) 768, as authority for rejecting the evidence complained of. The opinion in that case does not disclose the objections against the evidence there sought to be excluded. Reference to the original record reveals that the objection to evidence regarding a certain bottle was upon the specific ground that "no evidence was introduced tending to connect defendant with the bottle offered in evidence." The bill of exception then sets out in detail all the evidence upon the point mentioned, thus giving in the bill all the information upon which this court acted. As against the objections urged in the present case the ruling of the trial court cannot be held to have been erroneous.

It is the opinion of the writer that the evidence about finding the jug, as against proper objection, would not have been admissible. Under all

the facts, however, it seems of so little probative force one way or the other as would make it of doubtful propriety to base a reversal upon it even if the point was properly before us. The guilt of appellant seems certain. All the evidence is positive that no whisky was in the car until appellant entered it. Hall was sober. Appellant was drunk. Immediately when appellant entered the car he asked Hall if he wanted a drink. He also asked another state's witness the same question and was in the act of producing a bottle when the sheriff appeared on the scene. Appellant offered no testimony whatever. He received the lowest penalty, and even if we were in a position to hold the evidence regarding the finding of the jug upon the day after appellant's arrest was improperly received, this court could with difficulty justify a reversal upon that circumstance, in view of all the other evidence in the case and the punishment assessed.

The motion for rehearing is overruled.

*Overruled.*